The next case on the calendar, Myers v. City of New York. We note that the clerk's office confirmed that the appellees do not wish to argue. The clerk's office called yesterday just to confirm that and spoke with counsel. Mr. McCann? Yes. May it please the court, Max McCann on behalf of Appellants. Reasonable city officials could believe that there was probable cause to arrest the plaintiffs when they refused to comply with an order to leave Zuccotti Park that was made by police officers using loudspeakers. The district court's qualified immunity analysis was deeply flawed and cannot be reconciled with several district court and New York County Supreme Court decisions that condoned either the exact conduct in question or conduct that's identical. Is it your view that arguable probable cause as opposed to probable cause is sufficient? Absolutely, Your Honor. For qualified immunity, that's all that's required. And that was not done, that analysis was not performed in this case? That's correct. The district court failed to consider arguable probable cause among several other flaws. Was that something that we should be doing now? Absolutely, Your Honor. It's a grave... As opposed to a remand? I think the record is clear enough for this court to find qualified immunity at this stage based on the briefing and based on the pleadings. This is Judge Winter in the Haven. What do you consider that is in the complaint that establishes the qualified immunity? Yes, Your Honor. In the joint appendix at page 24, paragraph 32. On this record, this record is solely the complaint, right? That's right, Your Honor. We're considering the allegations made in the complaint at this stage. And those allegations are that the owner of Zuccotti Park modified the rules of the park to prohibit the plaintiff's conduct. That's paragraphs 32 and paragraphs 4 of the complaint. The plaintiffs word those allegations as, they reference the rules that the demonstrators were alleged to be violating. And then they say that the defendants and the park owners modified the rules but failed to confirm approval from the city planning commission prior to doing so. So to be clear, the validity of the rules is the only thing that's challenged, and that's a legal issue. That's an issue that this court can decide. The plaintiffs don't dispute the existence of the rules. They only dispute whether they were valid. And we know that they were valid because the district court itself rejected the plaintiff's argument that the owners have to get approval from the planning commission. That was the plaintiff's theory, and the district court rejected it, but still declined to find probable cause or qualified immunity here. What do you, how do you respond to the argument that usually trespassers know they don't own the property and don't have permission? Right, and in this case, the protesters knew that. Excuse me, let me finish my question. I'm sorry, your honor. And in this case, the putative trespassers were allowed to remain on that land for a long time. How do you respond to the argument that they did not knowingly, were not knowingly trespassing? Yes. First, your honor, probable cause and qualified immunity are objective standards. So the district court erred when it overly relied on the subjective beliefs of the protesters. Second of all, the fact that there's a dispersal order here makes it reasonable for any- It's an objective fact that they didn't own the land and they were allowed to stay there. They could hardly have made it more public that they were staying on someone else's land. Right, and that- Because they were, I guess, objectively licensees. And in that case, your honor, whatever license they had to remain was unequivocally revoked by the orders to disperse that were issued by the police officers. No reasonable protester could have believed at that point that they still had a right to remain. But more importantly, no reasonable city official would know that it was clearly unlawful to effectuate an arrest of a protester an hour after they refused to comply with those orders. Several courts have found that police officers can enforce the park rules in the exact park here and the exact conduct in question. For example, the New York County Supreme Court, the very morning of the plaintiff's arrest, considering the exact police operation that's in question here, Justice Stallman found in Waller that the city's enforcement of the park rules, quote, appears reasonable. Again, in Carvalho, Judge Castell found that, quote, a dispersal order reasonably calculated to enforce lawful park rules is itself lawful within the meaning of the disorderly conduct statute. Now, those- Let me ask you this. Yes, your honor. Under New York penal law section 140, a person who, and I quote, remains in or upon premise which are at the time open to the public does so with license and privilege unless he does so defies a lawful order not to enter or remain personally communicated to him by the owner of such premises or other authorized persons. Why are the officials who ordered the plaintiffs to vacate Zuccotti Park, quote, unquote, authorized persons within the meaning of 140? It has to do with the nature of the park. As a privately owned public space, as Justice Forrest found in the Thamesh decision that because of the status of Zuccotti Park as a POPs, it's called, and I'll quote the decision, when one is ordered to leave by police and does not, such conduct can compromise a trespass. But again, we're talking, the court's question seems to suggest whether the plaintiffs could be found guilty of trespass. And again, we're only dealing with whether reasonable city officials could believe that there was probable cause to arrest these plaintiffs. And given that several district court decisions and New York County Supreme Court decision have found the exact conduct in question here to be lawful, qualified immunity cannot be denied on these facts. What about, you know, let's say that only, you know, just arguendo, that only arguable probable cause existed in this case. Does arguable probable cause alone mean that the qualified immunity protects appellants from plaintiff's First Amendment claims? And what authorities would support that proposition? Right. That's not clear, Your Honor. Probable cause would be a defense in this circuit to a First Amendment claim. If this court found that arguable probable cause was lacking, then that might not be sufficient. But the unclear nature of that alone, that question alone, suggests that qualified immunity should be granted as to a First Amendment claim, even if probable cause is lacking. So essentially, it's not clear, but that still supports a finding of qualified immunity. Now, the district court even denied qualified immunity on the plaintiff's claim of unlawful eviction. That's a claim that the plaintiffs couldn't even defend in this appeal. And in order to deny qualified immunity, the right has to be so clearly established that every city official would know that they were violating that right. The plaintiffs can't even defend that claim here because it's so contrived. And yet the district court denied qualified immunity on this alleged theory that in order to remove the protesters, they had to get an eviction order from the housing court. There's no basis for the denial of qualified immunity on that claim, certainly. Now, we've covered the rules of the park. We've covered the dispersal order. The only issue, as far as I see, is whether reasonable city officials could believe that there was probable cause to arrest plaintiffs who refused to comply with that dispersal order. And on that, we'll simply refer this court to the decision in Markavich v. City of New York. In this court's decision, where protesters refused to comply with an order to disperse, that alone, as long as the order is legitimate, which we've already discussed, when they refuse to comply with that order, there's probable cause to arrest for OGA. And that's probable cause. That's not even getting to qualified immunity, which is a much more relaxed standard. So unless the court has any more questions, we'll submit that this court should reverse the district court's denial of qualified immunity. Thank you. Thank you.